JUAN MARI-RAMOS, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 668. Submitted January 26, 1927.—Decided March 15, 1927.

Rafael A. Saliva for the appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On November 27, 1926, some persons appeared before notary Emilio Forestier and executed a deed embodying several contracts. The deed was presented in the Registry

of Property of San Germán. The registrar recorded it in part, but refused to record a certain mortgage created by Temístocles Collado, the owner of the property referred to in the deed, in favor of appellant Juan Mari Ramos.

The grounds for the refusal may be summed up, as was done by the appellant in his brief, as follows: That by clause 8 of the deed the purchaser creates a voluntary mortgage in favor of Juan Mari Ramos and in clause 9 it is stated that the obligation is represented by a mortgage note payable to the order of creditor Mari with the privilege of indorsement; that there is a double meaning between the two aforesaid clauses, and that the mortgage was not worded with due clearness.

The decision is long and the registrar also filed a brief in opposition to that of the appellant, alleging that the mort-gage as created might allow the mortgage credit to be collected twice.

The said clauses 8 and 9 of the deed read as follows:

"8. To secure said debt and one hundred dollars for costs in case of foreclosure the aforesaid Temístocles Collado creates a voluntary mortgage in favor of Juan Mari Ramos on the property acquired by him, which lien shall remain on the property until the debt is paid.

"9. The debt is represented by a mortgage note payable to the order of creditor Mari with the privilege of indorsement."

Section 153 of the Mortgage Law as amended by Act No. 33 of 1912, p. 67, reads:

"In a mortgage created to guarantee obligations negotiable by means of endorsements or securities to bearer, when the mortgage interest is alienated or assigned, it shall be understood that the latter is transferred together with the obligation or with the deed, it being unnecessary to give notice thereof to the debtor, or to record the transfer in the Registry.

"Such obligations may be constituted by the owner of an estate or interest, without specifying the name of the creditor, executing them generically to the order of the person in whose favor the handwritten documents may be transferred or endorsed by the mortgager."

In our opinion the decision of the registrar is not justified. No doubt the document might have been more clearly worded, but it is sufficient as it is.

The mortgage was given to secure the loan and as the loan "is represented by a mortgage note payable to the order of creditor Mari" and negotiable by endorsement, it is evident that the mortgage should be understood as created to secure an obligation transferable by endorsement.

The case imagined by the registrar, that is, that the debt might be collected first by delivery of the mortgage and then again by transferring the note, can not be conceived as possible. Anybody reading the document would know that there is only one obligation. Nobody would be willing to acquire the mortgage unaccompanied by the note representing the credit.

The contractual form authorized by law tends to facilitate such transactions by allowing the obligation to be placed on the market and negotiated without the necessity in each case of a notarial document and without requiring a new record for each transaction. A few words written on the document and its transference would be sufficient and at the same time the document itself brings to the recipient all the security of a mortgage.

The decision must be reversed as to the part appealed from and the record ordered.